ANDREW SPEAR *vs.* VINCENT O. HILL.

New Castle County, November Term, 1895.

**Justice of the Peace. Execution.**—A Justice of the Peace cannot, of his own volition set aside an execution issued by him after the same has been delivered to a Constable and returned by him.

**Same. Certiorari.** On *certiorari* a *fieri facias* issued by a Justice of the Peace more than three years after the judgment was rendered will be set aside.

**Same. Costs.**—The defendant in *certiorari* is liable for costs.

This was a *certiorari* directed to Thomas Deakyne, a justice of peace of New Castle County. The record shows that a judgment on a bond was entered on his docket on the 19th day of October, 1889 ; that on the same day a *fi. fa.* was issued returnable January 20th, 1890. And that execution was returned January 20th, 1890. On May 21st, 1895, an *alias fi. fa.* was issued returnable August 31st, 1895, and was returned August 27th, 1895,

with a levy made June 5th, 1895, with inventory and appraisment. Immediately following the above enteries was this entry on the record : "Countermanded by order of Justice, this execution being an error."

A *scire facias* to revive judgment was issued August 28th, 1895.

Before the hearing a *certoirari* was issued, and an application was made to set aside the execution upon the following exception : The record does not disclose that the *fi. fa.* issued May 21st, 1895, was within three years from the rendering of the judgment or the time when execution might first have issued.     The execution was set aside.

The question of liability for costs being raised, it was decided that defendant in the *certiorari* was liable.

*Burris*, for plaintiff.
*Davis*, for defendant.